985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lawrence WYCHE, Defendant-Appellant.
 No. 91-50131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Jan. 22, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-90-0503-RMT-1; Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Wyche appeals his jury conviction for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. section 841(a)(1), and for possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. section 924(c)(1). We affirm.
 
 A. Detention and Arrest
 
 3
 Under Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889 (1968), the police may make a warrantless stop for investigative purposes without probable cause to arrest. See United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir.1986). In evaluating the lawfulness of the investigatory detention, the totality of the circumstances must be considered. United States v. Carrillo, 902 F.2d 1405, 1410 (9th Cir.1990). The officers must have a particularized and objective reason for suspecting the person stopped of criminal activity. Id. Review of the facts must be undertaken from the perspective of the officers' experience, not from that of one untrained in law enforcement. United States v. Magana, 797 F.2d 777, 780 (9th Cir.1986) (border stop).
 
 
 4
 Here the district court found five specific factors amounting to reasonable suspicion to conduct an investigative stop: (1) Defendants' suspicious behavior in the parking lot, as they circled the lot several times, passed numerous empty spaces, and engaged in acts that the special investigations unit recognized as casing the parking lot for a robbery; (2) Defendants' apparent following of a lone woman who was walking along the sidewalk--their car approached her slowly and slowed further as it passed her; (3) Defendants' use of a circuitous route to enter the Dairy parking lot; (4) Defendants' decision to park in the corner of the Dairy's lot farthest away from the business entrance and their decision to remain in the car once parked; and (5) The fact that defendants parked the car just behind the sidewalk, where it was obscured from the woman's approach.
 
 
 5
 Wyche argues that these factors fall short of supporting a reasonable suspicion that a robbery was about to take place. Instead, he asserts that the officers' belief was no more than a hunch. We disagree. The five factors listed by the district court support the conclusion that the officers had reasonable suspicion to believe that defendants intended to rob a lone woman. Wyche's and Berry's objective conduct reflected recognized modes of operation for robbers in the area--casing a store by driving slowly through the aisles of the parking lot, following a lone pedestrian from the store, and then lying in wait for the pedestrian.
 
 
 6
 Wyche also sought to have the gun and drugs excluded on the ground that the police did not merely effect a Terry stop, but rather an arrest for which probable cause was lacking. "In determining whether an official detention has ripened into an arrest, we consider the 'totality of the circumstances.' " United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990) (quoting United States v. Baron, 860 F.2d 911, 914 (9th Cir.1988), cert. denied, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 414 (1989)). An arrest occurs if "a reasonable person would conclude that he was not free to leave after brief questioning." Id.
 
 
 7
 At the same time, however, the restriction of an individual's freedom of movement by "holding a suspect at gunpoint does not necessarily convert an investigatory stop into an arrest." Del Vizo, 918 F.2d at 824; see, e.g., United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987) (a Terry stop, not an arrest, occurred where police officers forced suspects at gunpoint to exit car and lie down on the pavement). Indeed, it would be a rare Terry stop where the suspect felt entirely free to leave while the police performed their investigation.
 
 
 8
 The facts here presented show that Wyche's investigatory stop did not become an arrest. The officers had reasonable grounds for believing that Wyche and Berry were about to commit a robbery, and knew that robbers are often armed. Legitimate concerns for safety would thus permit the drawing of weapons and the frisking of defendants. Even if all of the officers did not immediately reholster their guns upon completion of the pat-down, defendants were detained less than a minute before detective Browning's plain view discovery of the weapon on the floor of defendants' car, followed immediately by the discovery of drugs, gave the officers probable cause to make an arrest.
 
 B. Sufficiency of Evidence
 
 9
 Wyche claims that the evidence was insufficient to establish that he used or carried a gun during the commission of a drug trafficking offense. The contention has no merit. Plainly a drug trafficking offense was in progress and the gun was loaded, in plain view at Wyche's feet in a car (his own) where he had been for over an hour. No more was needed. See, e.g., United States v. Winslow, 962 F.2d 845, 852-53 (9th Cir.1992); United States v. Torres-Medina, 935 F.2d 1047, 1049-50 (9th Cir.1991).
 
 
 10
 Wyche's final claim that his conviction cannot stand because the gun was not admitted into evidence due to its inadvertent destruction is no more meritorious. The officers saw and described the unique weapon and identified it from photographs that they took. No more was required.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3